**Adam DELGADILLO, Petitioner–Appellant,**

v.

**R.Q. HICKMAN, Warden, Respondent–Appellee.**

**No. 03–55943.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 13, 2004.

Decided Aug. 6, 2004.

Adam Delgadillo, Mule Creek State Prison, Ione, CA, pro se.

Cara DeVito, Esq., West Hills, CA, for Petitioner–Appellant.

James E. Hart, Esq., Littler & Mendelson, David F. Glassman, Esq., Lawrence M. Daniels, Esq., Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before KOZINSKI, SILVERMAN, Circuit Judges, and WEINER, Senior District Judge.[*]

### MEMORANDUM [**]

California prisoner Adam Delgadillo appeals the judgment of the district court denying his petition for writ of habeas corpus under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. § 2253. We review de novo a district court's decision to deny federal habeas relief, *Clark v. Murphy,* 331 F.3d 1062, 1067 (9th Cir.), *cert. denied,* —— U.S. ——, 124 S.Ct. 446, 157 L.Ed.2d 313 (2003), and we affirm.

Because the parties are familiar with the facts, we recite them only as necessary for this decision. We conclude that the California Court of Appeal's determination that Delgadillo waived his *Miranda* rights during his interrogation was not contrary to, and did not involve an unreasonable application of, clearly-established federal law. *See Michigan v. Mosley,* 423 U.S. 96,

---

\* The Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

103–04, 96 S.Ct. 321, 46 L.Ed.2d 313 (1975). We also conclude that Delgadillo's wrist-cutting was insufficient to create a bona fide doubt as to Delgadillo's competence. *See Williams v. Woodford*, 306 F.3d 665, 701–02 (9th Cir.2002). We decline to remand the case for further factual development because the jail records Delgadillo seeks were never viewed by the state court judge and therefore are not probative of what the judge knew at the relevant time. *See id.* at 702 & n. 16.

AFFIRMED.